**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In Re:

                                    **Chapter 7**

**Renee Mary Peters and**
**Timothy John Peters,**

                                    **Bankruptcy No. 17-41028**

        **Debtors.**

---

**NOTICE OF HEARING ON MOTION TO DISMISS CHAPTER 7 CASE**

---

TO:    The debtors, all creditors, and other parties in interest:

The United States Trustee has filed a motion to dismiss the above-captioned case under

11 U.S.C. § 707(a) for cause.

A hearing will be held at 9:30 a.m. on September 6, 2017, before the United

States Bankruptcy Court, Courtroom 8W, 300 South Fourth Street, Minneapolis, MN

55415. Any response to this motion must be filed and delivered not later than September 1,

2017, which is five days before the time set for the hearing.  UNLESS A RESPONSE

OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE

MOTION WITHOUT A HEARING.

Dated: _____

                                  CLERK OF BANKRUPTCY COURT

                        By:     _____
                                  Deputy Clerk

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In Re:

                                  **Chapter 7**

**Renee Mary Peters and**
**Timothy John Peters,**

                                  **Bankruptcy No. 17-41028**

          **Debtors.**

---

**NOTICE OF HEARING AND**
**MOTION TO DISMISS PURSUANT TO 11 U.S.C. § 707(a)**

---

To:    The debtors and other entities specified in Local Rule 9013-3.

1.    The United States Trustee for Region 12 moves the Court for the relief requested below and gives notice of hearing.

2.    A hearing will be held at 9:30 p.m. on September 6, 2017, before the United States Bankruptcy Court, Courtroom 8W, 300 South Fourth Street, Minneapolis, MN 55415.

3.    Any response to this motion must be filed and delivered not later than September 1, 2017, which is five days before the time set for the hearing.  UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

## I.   Jurisdiction & Venue

4.    The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1), 28 U.S.C. § 151, Fed. R. Bankr. P. 5005, and Local Rule 1070-1. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

5.    This motion arises under 11 U.S.C. § 707(a), Fed. R. Bankr. P. 1017, 2002, 2004, and 4004.  This motion is filed under Fed. R. Bankr. P. 9014 and Local Rules 2004-1(a) and 9013-1 to 9013-5.  The United States Trustee requests that this case be dismissed.

## II.   Factual Background

6.      On April 10, 2017, the debtors filed a voluntary chapter 7 petition.  (*See* DE #1.)

The meeting of creditors was set for May 4, 2017.  (*See* DE #6.)  Thus, the deadline to object to

the debtors' discharge or file a motion to dismiss pursuant to § 707(b)(3) was set on July 3, 2017.

(*See id.*)  *See also* Fed. R. Bankr. P. 1017(e)(1), 4004(a).  On April 25, 2017, the court extended

the time to file schedules to May 8, 2017.  (*See* DE #10.)  On May 9, 2017, the debtors requested

a second extension of the time to file schedules.  (*See* DE #12.)  On May 24, 2017, the court

denied the request.  (*See* DE #13.)  The court gave the debtors until June 7, 2017 to file a motion

requesting permission to file the schedules late.  (*See id.*)  On May 31, 2017, the court ordered

the debtors to appear at an adjourned meeting of creditors.  (*See* DE #14.)  On June 7, 2017, the

debtors filed a motion to extend the time to file the schedules.  (*See* DE #16.)  On June 29, 2017,

the court granted the debtors' motion and extended the time to file schedules to June 30, 2017.

(*See* DE #19.)

7.      John R. Stoebner is the chapter 7 trustee for the debtors' case.  Mr. Stoebner and

his assistant have made multiple attempts to confer with the debtors' counsel, William T.

Anderson, to schedule an adjourned meeting of creditors.  (*See* Decl. of John Stoebner.)  On July

24, 2017, Mr. Anderson agreed to a date of August 21, 2017.  To date, Mr. Anderson has not

filed or served a notice of continued meeting of creditors.  (*See id.*)

8.      The debtors, through counsel, have also refused to provide any of the debtors' tax

returns to Mr. Stoebner, citing the privilege against self-incrimination.  (*See id.*)

## III.   Dismissal Under Section 707(a)

9.      Local Rule 2020-1(b) provides that "the debtor shall cooperate with the trustee

and the United States Trustee in furnishing information reasonably required for the proper

administration of the estate."  Mr. Stoebner has made multiple reasonable requests for the

debtors' most recent filed tax return.  The debtors have thus far refused to provide the

information, despite the fact that they are required to provide the return, pursuant to 11 U.S.C. §

521(e)(2)(A)(i).  In addition, the debtors have failed to file or serve a notice of an adjourned

meeting of creditors and, as a result, have not appeared for a meeting of creditors as required by

11 U.S.C. § 343.

10.     The Bankruptcy Code provides:  "The court may dismiss a case under this chapter

only after notice and a hearing and only for cause."  11 U.S.C. § 707(a).  Here, the debtors have

failed to comply with 11 U.S.C. §§ 343, 521(e)(2)(A)(i), and Local Rule 2020-1(b).  This has

made it impossible for Mr. Stoebner to perform his duties as the chapter 7 trustee.  In addition, it

has hindered the United States Trustee's ability to review the debtors' case for possible abuse

under § 707(b) or action under § 727.  Under these circumstances, the Court should find cause to

dismiss the debtors' case.

WHEREFORE, the United States Trustee respectfully requests that the Court dismiss this

case under 11 U.S.C. § 707(a) and grant such other relief to which the United States Trustee may

be entitled.


Dated: August 10, 2017                    DANIEL M. MCDERMOTT,
                                          UNITED STATES TRUSTEE
                                          Region 12

                                           /e/ Colin Kreuziger
                                          Colin Kreuziger
                                          Trial Attorney
                                          MN Atty # 0386834
                                          Office of the United States Trustee
                                          1015 U.S. Courthouse
                                          300 South Fourth Street
                                          Minneapolis, MN 55415
                                          (612) 334-1350


3

VERIFICATION

I, Colin Kreuziger, trial attorney for the United States Trustee, the movant named in the foregoing motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information, and belief.

Executed on:  August 10, 2017                Signed:/e/ Colin Kreuziger
                                             Colin Kreuziger
                                             Trial Attorney

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In Re:

                                   **Chapter 7**

**Renee Mary Peters and**
**Timothy John Peters,**

                                   **Bankruptcy No. 17-41028**

        **Debtors.**

---

### MEMORANDUM OF LAW

---

The attached motion sets forth the relevant facts.

### I.      MOTION TO DISMISS FOR CAUSE

The Bankruptcy Code provides:  "The court may dismiss a case under this chapter only after notice and a hearing and only for cause."  11 U.S.C. § 707(a).

The Code requires debtors "to provide— (i)   not later than 7 days before the date first set for the first meeting of creditors, to the trustee a copy of the Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such return) for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed."  *Id.* § 521(e)(2)(A)(i).  In addition, the Code requires debtors to "appear and submit to examination under oath at the meeting of creditors under section 341(a) of this title."  *Id.* § 343.

Local Rule 2020-1(b) provides that "the debtor shall cooperate with the trustee and the United States Trustee in furnishing information reasonably required for the proper administration of the estate."

Here, the debtors have failed to comply with their statutory duties and with Local Rule 2020-1(b).  The debtors have failed to timely provide their most recent tax returns to the chapter 7 trustee.  In addition, they have not filed or served a notice of adjourned meeting of creditors.

Neither the United States Trustee nor the chapter 7 trustee can properly administer the debtors' case under these circumstances.  The debtors' continual delays in filing schedules, appearing for a meeting of creditors, and complying with their duty to supply tax returns have caused the deadlines for filing motions to dismiss under § 707(b) and § 727 to lapse.  They have also prevented the chapter 7 trustee from taking any meaningful steps to administer the case.  Moreover, there is no indication that the debtors intend to appear for a meeting of creditors or supply the required tax returns.

Under these circumstances, the Court should find cause to dismiss the debtors' case.


Dated:  August 10, 2017                              DANIEL M. MCDERMOTT,
                                                     UNITED STATES TRUSTEE
                                                     Region 12

                                                      /e/ Colin Kreuziger
                                                     Colin Kreuziger
                                                     Trial Attorney
                                                     MN Atty # 0386834
                                                     Office of the United States Trustee
                                                     1015 U.S. Courthouse
                                                     300 South Fourth Street
                                                     Minneapolis, MN 55415
                                                     (612) 334-1350

2

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

**In Re:**

                                                   **Chapter 7**

**Renee Mary Peters and**
**Timothy John Peters,**

                                                   **Bankruptcy No. 17-41028**

                **Debtors.**

---

**UNSWORN CERTIFICATE OF SERVICE**

---

The undersigned declares under penalty of perjury that on August 10, 2017, she caused to be filed electronically the following:  Notice of Hearing on Motion to Dismiss Chapter 7 Case, United States Trustee's Notice of Hearing and Motion to Dismiss Pursuant to 11 U.S.C. § 707(a), Verification, Declaration of John R. Stoebner, Memorandum of Law, and proposed Order, thereby generating electronic service by CM/ECF on those electronic addresses below.  She also served the debtors by first class mail at the address stated below:

Renee Mary Peters
Timothy John Peters
4601 Terracewood Drive
Bloomington, MN 55437

William T. Anderson
CM/ECF

John R. Stoebner
CM/ECF

Executed on: August 10, 2017                    **/e/   Lilia Serna de Coronado**
                                           **Lilia Serna de Coronado**
                                           **Office of the United States Trustee**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In Re:

                                                        **Chapter 7**

**Renee Mary Peters and**
**Timothy John Peters,**

                                                      **Bankruptcy No. 17-41028**

          **Debtors.**

### ORDER

The United States Trustee's motion to dismiss this case is before the Court. For reasons stated orally and recorded in open court,

IT IS ORDERED:

This case is dismissed.

Dated:                                                               _____

                                                              Kathleen H. Sanberg
                                                              Chief United States Bankruptcy Judge