# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>    Timothy John Peters<br><br>and<br><br>    Renee Mary Peters<br><br>    Debtors | **AFFIDAVIT<br>OF<br>WILLIAM T. ANDERSON**<br><br>Case No: 17-41028<br><br>Chapter 7 |

Debtors, through their attorney, responds to the Bankruptcy Court to extend the time to file the schedules and other required documents to satisfy the Order on Partial Case Filing. In support of this response, the Debtors' attorney states the following under oath:

1. A hearing has been scheduled on this matter on September 6, 2017, at 9:30AM, before the United States Bankruptcy Court, Courtroom 8W, 300 South Fourth Street, Minneapolis, MN 55415.

2. The Debtors do not dispute the statement of jurisdiction in the Trustee's motion.

3. On April 10, 2017 (the "Petition Date"), Mr. and Mrs. Peters (the "Debtor") commenced this case by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C § 101, et seq. (the "Bankruptcy Code").

4. The case has been assigned case number 17-41028.

5. The time to file completed schedules was extended first by application and then by Motion that was heard before this Court on June 29, 2017.

6. The Court granted the extension of time and allowed the Debtors' to file their completed schedules by June 30, 2017.

7. The Debtors' completed schedules were filed on June 30, 2017.

8. As noted in the Debtors' Motion to Extend Time to File, the meeting of creditors pursuant to Section 341 of the Bankruptcy Code would need to be rescheduled from its original date of May 4, 2017.

9. Contrary to Mr. Stoebner's assertions, the Debtors' Attorney NEVER refused to provide the Trustee with the most recent return. Perhaps he heard me wrong, but I never said that.

10. The Trustee and I agreed to a date for the 341 Meeting of Creditors. The Trustee sent a letter dated Aug. 2 requesting certain documents to be provided by Aug. 15. That letter included the most recent tax returns.

11. The Trustee and I had a difference of opinion regarding the 21 day notice requirement for rescheduled meeting of creditors. I contended that it did not apply to rescheduled meetings and only to the initial notices sent by the court clerk. Mr. Stoebner disagreed.

12. I had intended on providing the most recent tax return to the Trustee on Aug. 15. I also had intended to send the notices on Aug. 14, seven days before the hearing.

Further I sayeth not.

Respectfully submitted,

Dated: Sept 1, 2017

/s/ William T. Anderson
William T. Anderson, Esq. (#0388198)
Attorney for Debtors
P.O. Box 1179
Chanhassen, MN  55317
952-472-0987  Phone
952-472-0989  Fax
Email:  will.anderson@wtalaw.com

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>　　Timothy John Peters<br><br>　and<br><br>　　Renee Mary Peters<br><br>　　Debtors | **RESPONSE TO TRUSTEE'S MOTION TO DISMISS**<br><br>Case No: 17-41028<br><br>Chapter 7 |

Debtors, through their attorney, file this Memorandum of Law in support of their Response to the Trustee's Motion to Dismiss.

　　The Debtors do not dispute that a tax return should be provided to the Trustee seven days before the 341 Meeting of Creditors. The Debtors dispute which date is appropriate when the Court has granted a motion to extend time to file the schedules. Under 11 U.S.C. § 521(e)(2)(A)(i), the debtor shall provide their federal tax returns "not later than 7 days before the date first set for the first meeting of creditors." While 11 U.S.C. § 521(e)(2)(B) states that the "court **_SHALL_** dismiss the case unless the debtor demonstrates that the failure to so comply is due to circumstances beyond the control of the debtor." However, the timing of the U.S. Trustee's Motion and it's reasons cause the Debtors and especially the Debtor's Attorney considerable concern.

　　The Debtor's Attorney vehemently disputes the statements made by Mr. Stoebner. There was NEVER a refusal to provide tax returns. In fact, Mr. Stoebner and the Debtors' attorney agreed to set the date of the 341 Meeting of Creditor as August 21, 2017. In anticipation of this date, Mr. Stoebner sent a letter to the Debtors and their attorney that requested them to turnover a

number of documents, including "the debtors' most recently filed tax return, including all W-2's, schedules, and other attachments." The letter asks the Debtors to provide the requested documents to Mr. Stoebner no later than August 15, 2017. The letter was dated Aug. 2.

Despite Mr. Stoebner's letter, the U.S. Trustee filed a motion with the Court seeking the dismissal of the case. The stated reason is that the Debtors' had not provided the tax returns 7 days before May 4, 2017.

This inconsistency is glaring.

Every now and then, the Court is faced with a decision in which it must look at the impracticalities of the Trustee's demands and follow the Supreme Court's lead in Hamilton v. Lanning[1] and adopt a non-mechanical interpretation of the statute. If Congress provides the Bankruptcy Court with the discretion to extend time to file schedules for good cause, then the bankruptcy court should that same discretion should apply to circumstances wherein a debtor has not provided the tax returns 7 days before the meeting of creditors. The Trustee insists that the tax returns must be provided 7 days before the hearing set in May. The Motion Hearing to Extend Time did not occur until June 29 and the schedules were not filed until June 30. Of course the 341 Meeting needed to be rescheduled. The US Trustee was noticed on the Motion to Extend Time, and I believe (although I may be mistaken) that a representative of the US Trustee attended the hearing. Even if the Trustee's interpretation is correct, the US Trustee did not object then – yet they object now. The Court should dismiss their Motion.

The U.S. Trustee and Mr. Stoebner both contend that when a meeting of creditors is rescheduled, the notice of rescheduling must be sent no later than 21 days before the new date. This creates a significant impracticality. It is not uncommon for debtors to miss 341 Meetings

---

[1] Hamilton v. Lanning, 560 U.S. 505 (2010).

for unexpected reasons: forgetting their identification (most common), having a sick child, being an ill debtor, oversleeping, being stuck in traffic, getting in a car crash on the way to the courthouse, going to the Hennepin County Courthouse instead of the Federal Courthouse, being incarcerated, getting called up for active military duty, and getting unexpectedly called into work by an unreasonable boss who will fire the already financially vulnerable debtor if she doesn't show up.  Some reasons are good – some not so good.  If the Trustee's next calendar date is more than three weeks out, then sending notices of a rescheduling might be possible.  However, Local Trustees in Minnesota regularly reschedule 341 meetings within 2 weeks of the missed day.  I have experienced it many times in my nearly ten years of practicing bankruptcy law.  Speaking with another local bankruptcy attorney, Craig Andresen, he too has seen rescheduled 341 Meetings of Creditors notices less than 21 days.  The only mention in the Rule of Procedure regarding 21days for notice is a requirement on the court clerk to send out the initial notices of the bankruptcy and notice of the 341 meeting of creditors.  The 21-day requirement does not apply to the Debtor.

Based on the foregoing, the Debtors' attorney respectfully requests that the Bankruptcy Court deny the Trustee's Motion to Dismiss and instead enter an Order requiring the Trustee to Set the Date for the 341 Meeting of Creditors to Mr. Stoebner's next regularly scheduled calendar date for such meetings.

Dated:   Sept. 1, 2017

/s/ William T. Anderson
───────────────────────────────
William T. Anderson, Esq. (#0388198)
Attorney for Debtors
P.O. Box 1179
Chanhassen, MN 55317
952-472-0987 Phone
952-472-0989 Fax
Email: will.anderson@wtalaw.com

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>　　Timothy John Peters<br><br>　and<br><br>　　Renee Mary Peters<br><br>　　　Debtors | **PROPOSED ORDER REGARDING TRUSTEE'S MOTION TO DISMISS**<br><br>Case No: 17-41028<br><br>Chapter 7 |

The petition commencing this case was filed on April 10, 2017. The Court held a hearing on a Motion to Extend Time to file the schedules on June 29 and granted the motion. The original meeting of creditors was to occur in May, over a month before the schedules were filed. The Trustee has moved the Court to dismiss for failing to provide tax returns. The Debtor opposes. Based on arguments presented by Counsel, the Court believes it appropriate and in the best interest of justice to DENY the Trustee's Motion.

**IT IS THEREFORE ORDERED:**

The Trustee's Motion is Denied.


Dated: _____

　　　　　　　　　　　　　　　　　　　　　　　_____

　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge

# CERTICIFATE OF SERVICE
# AND VERIFICATION

I, William T. Anderson, hereby certify that on Sept 1, 2017, I served copies of the following documents:

- RESPONSE TO TRUSTEE'S MOTION TO DISMISS
- Affidavit of William T. Anderson
- Proposed Order
- Certificate of Service and Verification

on the Trustee and the U.S. Trustee by filing the documents through the Court's Electron Filing System (ECF) and that the ECF system will cause the documents to be served on the Trustee and the US Trustee. Further, the ECF system will cause the documents to be served on all other parties who have requested Electronic Service.

Further, I verify that the facts as stated herein are true to the best of my knowledge.

Dated:   Sept 1, 2017

/s/ William T. Anderson
_____
William T. Anderson, Esq. (#0388198)
Attorney for Debtors
P.O. Box 1179
Chanhassen, MN 55317
952-472-0987 Phone
952-472-0989 Fax
Email: will.anderson@wtalaw.com